**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4872**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

TREYVON CORTEZ CAREY, a/k/a Treyvon Carey,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Peter J. Messitte, Senior District Judge. (1:11-cr-00279-PJM-1)

———————

Submitted: July 25, 2013           Decided: August 6, 2013

———————

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Joanna Silver, Appellate Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Treyvon Cortez Carey was sentenced to 180 months' imprisonment after pleading guilty to one count of robbery, in violation of 18 U.S.C. § 2111 (2006), and one count of escape, in violation of 18 U.S.C. §§ 7, 13 (2006) and Md. Code Ann., Crim. Law § 9-404 (West 2013). He appeals, contending his sentence is substantively unreasonable. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence for reasonableness, we first consider whether the district court committed significant procedural error, and in the absence of such error, we next consider whether the sentence is substantively reasonable. Id. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

We conclude that Carey's sentence is without procedural error and is substantively reasonable. The within-Guidelines sentence is both presumptively reasonable, and supported by the totality of the circumstances, including Carey's history and characteristics, the nature of his offenses,

and the needs to protect the public and provide adequate deterrence. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>